PREGERSON, J.,
dissenting:
The majority disposition holds that the Administrative Law Judge (“ALJ”) properly denied Burkstrand’s application for disability and supplemental security income benefits. I respectfully disagree.
First, the ALJ erred in posing a hypothetical to the vocational expert that did not include Burkstrand’s inability to work eight hours in a day. We have held that for a “vocational expert’s testimony to have any value, the hypothetical must set forth all of a Plaintiffs impairments.” Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984). Here, the vocational expert’s hypothetical did not include Burkstrand’s inability to work a full day. The validity of the vocational expert’s conclusion is therefore questionable because it was based on an improper hypothetical.
The ALJ also erred by finding that Burkstrand’s complaints of pain and functional limitations were not credible because his daily activities indicated he was able to work. We have repeatedly held that “the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her *181 overall disability. One does not need to be ‘utterly incapacitated’ in order to be disabled.” Benecke v. Barnhart, 879 F.3d 587, 594 (9th Cir.2004) (quoting Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir.2001)). Here, the record indicates that Burkstrand was able to walk two blocks, play with his grandchildren, shop with his family, and visit relatives. These activities, however, do not indicate an ability to work in the competitive and stressful conditions of the real world.
Finally, the ALJ improperly rejected Burkstrand’s treating physician, Dr. Galvas’s, determination that Burkstrand could not work a full day. To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005). Here, Dr. Galvas attended to Burkstrand for seven months and was in communication with Burkstrand’s physical therapist and chiropractor. I therefore believe his opinion was fully informed and medically sound.
Accordingly, I dissent.